IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

John Finn,

        Plaintiff,

vs.

Smith Barney, Citigroup Global Markets Inc., Citigroup, Inc., Brian Williams, and Does 1 through 20, inclusive.

        Defendants.

---

Case No: 08-cv-2975 (LTS) (KNF)

JUDGE LAURA T. SWAIN

## MEMORANDUM IN OPPOSITION TO
## DEFENDANTS' MOTION TO STAY THE PROCEEDINGS

Preliminary Statement

Plaintiff, John Finn, respectfully requests that this court deny defendants request for stay.

Defendants assert that plaintiff is bound by a contract between them and plaintiff. However, defendants are seeking at once to enforce one portion of the provision that would force plaintiff to arbitration, while simultaneously asking this court to freeze plaintiff from acting under the protection afforded him by the remaining portion of the provision. Such is not fair. Contractual provisions should not be set aside absent a waiver of both parties. Where defendants' have refused to waive their right to arbitrate, this court should not negate the effect of plaintiff's option to enforce the provision currently barring arbitration to such an extent that absent waiving such provision and seeking arbitration (which under the contract, he currently need not do), plaintiff's right to seek redress for his injuries at the hands of defendants is rendered null.

In order to do allow defendants to advise plaintiff on how to invest his money and to invest it for him, plaintiff had no choice but to agree to all of the terms of section 6 of the contract defendants now simultaneously rely upon and seek the court's aid to ignore. According to such section, defendants have a right to force plaintiff to arbitration. However such right is limited in cases where no class action is pending that plaintiff is a member of and where plaintiff has not opted out of such class. Defendants' requested stay would negate the plain meaning of such contractual language.

Defendants provided cases where trial courts have granted stays under seemingly similar circumstances. However such cases are not controlling on this court and, as will be discussed below, the facts and rationale applied by those courts supporting such stays are not present here.

Plaintiff concedes that if a) the class action of which plaintiff is a member fails to be certified, or is thereafter decertified, or b) he chooses to opt out of the established class when required, that absent a waiver, defendants will be entitled to request a stay of any then-pending proceedings before this court so as to enforce the arbitration provision of the contract.

Plaintiff also concedes that if he chooses to remain a member of the class if it is established a at some point must choose, that the claims of any then-pending proceedings before this court that are covered by the class suit should be at least stayed upon motion of defendants.

However, plaintiff disagrees with defendants that the validity, construction, or purposes of FINRA rules that are contractual binding upon FINRA members including defendants have any bearing on the construction and enforceability of the contractual language in the agreement between defendants and plaintiff simply because they are similar to each other. Furthermore, plaintiff believes that the harm to plaintiff in disallowing him to proceed as much as the language of the contract allows him, will present a far greater harm to him than to defendants.

Background

Defendants, by defendant Brian Williams, purchased auction rate securities of their own choice after a telephone call where Williams told plaintiff that such securities were as liquid and safe as if not the same as money market funds. Defendant made this recommendation after plaintiff explained that the funds from the sale of his house in Brooklyn constituted his life savings and that he wanted to place them in the safest investment with safety and liquidity the primary goal, not income. Had defendant's disclosed to plaintiff that there was a chance that these securities would become illiquid should auctions fail, then plaintiff would never have let defendants purchase such securities.

Now, $400,000.00 of such securities are virtually worthless, as the auctions have continuously failed since February 2008. Moreover, it has been reported that large institutional investors were advised to remove their funds from these securities before the auctions failed while small investors such as plaintiff were not. Plaintiff is not alone in his pain and suffering at the hands of the defendants and others like them as class actions against all major players in this fraud have been maintained while numerous states' criminal divisions have launched investigations.

Argument

Defendants ask this court to stay this action based the language contained in the contract between plaintiff and defendants set forth in defendant's memorandum. Such language on one hand allows defendants to force plaintiff to arbitrate and on the other hand limits their ability to do so while plaintiff is a member of a class or putative class asserting similar claims against the

defendants. This court is bound to construe the language of the contract according to general principals of contract law.[1]

This court should first satisfy itself that the contractual language at issue is not ambiguous.[2] When it finds that it is not, next it should review the parties' intent as expressed in the language of the contract.[3]

Subsection six of the contract plainly and unambiguously prohibits defendants from enforcing any contractual right they have while under the conditions set forth. The primary effect of such language is to allow plaintiff to seek whatever lawful remedies he wishes without interference from defendants asserting arbitration rights. The courts in the cases sited by defendants, for whatever reason, chose to construe the meaning of FINRA or NASD rules binding upon defendants that may have been raised as the basis for opposing stays in those cases. Here, however, such rule is not the basis for plaintiff's opposition to a stay. Rather, plaintiff here relies on the plain language of the contact between the parties alone.

The fact that the language in the contract between the parties is similar or identical to the FINRA rules does not properly lead to the conclusion that the FINRA rules are at issue here since the parties were free to contract any way they wanted. The omission of an arbitration clause in a

---

1 *S.A. Mineracao da Trindade-Samitri v. Utah International, Inc.,* 576 F.Supp. 566, 570 (S.D.N.Y 1983), *aff'd*, 745 F.2d 190 (2nd Cir. 1984).

2 *Cable Science Corp. v. Rochdale Village, Inc.*, 920 F.2d 147, 151 (2nd Cir. 1990); *Garza v. Marine Transport Lines, Inc.,* 861 F.2d 23, 27 (2nd Cir. 1988); *Arbitration between Standard Tallow Corporation and Kil-Management*, 901 F.Supp 147 (S.D.N.Y. 1995).

3 *McCarthy v. Azure*, 22 F.3d 351, 355 (1st Cir. 1994); *S.A. Minceracao da TrindadeSamitri v. Utah International, Inc.*, *supra*, at 193-194; *Arbitration between Standard Tallow Corporation and Kil-Management*, *supra*, at 150.

contract will effectively remove the right of FINRA members to force a customer into arbitration (but not the opposite since they are subject to FINRA rules).[4] Since parties can always modify the language of arbitration agreements between them, contractual language has been held to allow a party to maintain court actions notwithstanding the existence of an arbitration provision.[5] Defendants could have left out the limiting portion of the contract if they wanted to, but they did not. If such contractual language did not exist, only then would the FINRA rule, if plaintiff asserted it, be properly construed by this court to determine whether to grant a stay.

Here, there is no basis for the court to look beyond the plain meaning of the language in the contract. To resort to looking at the intent behind FINRA rules, as if such were legislative in nature, would be improper since such are not at issue here. Indeed, such may not have been proper for the courts cited by defendants since FINRA rules, contrary to legislative statutes, are contractual in nature between FINRA members.[6]

Despite maintaining this motion, defendants' cannot disagree that they may not enforce their right to arbitrate at this time. Such is plainly stated in the contract. However, a stay of this action would disallow plaintiff to enjoy his right to personally assert claims against the defendant absent proceeding to arbitration which is the effect of the additional plain and unambiguous language of the contract. By pressing for the same, and while doing so, offering as rationale the existence of the arbitration provision, defendant are doing nothing more than asking the court to ignore the

---

4 *Kidder, Peabody & Co., Inc. v. Zinsmeyer Trusts Partnership*, 41 F.3d 861 (2nd Cir. 1994).

5 *Creative Securities Corp. v. Bear Stearns & Co.*, 671 F.Supp. 961, 967-968 (S.D.N.Y. 1987).

6 *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Georgiadis*, 903 F.2d 109, 113 (2nd Cir. 1990)

contractual language prohibiting them from doing asserting the arbitration language. The court should not allow defendants to do so and thereby overlook the terms of the contract agreed to.

As long as the current condition satisfying the language of the contract exists, plaintiff should not be hampered in pursuing a remedy in this court. The argument by defendants that such will be a waste of time is not true. As defendants have stated, these conditions, which under the contract allow plaintiff to prosecute his case here, may last a very long time depending upon the court's decision regarding the putative class actions and any appeals which may arise from such decisions. Indeed, plaintiff may be able to conduct discovery and proceed to trial while these conditions exist. Even if eventually forced to arbitrate prior to resolution of this matter if the condition abates, plaintiff's discovery obtained under the rules of this court will not be wasted but will be helpful to the parties and to the arbitrators if the case is ultimately heard. The idea asserted by defendants that litigation before this court that may conclude prior to a trial on the merits is a waste of time is ridiculous given that the vast majority of cases settle and are encouraged to settle before decisions on the merits. Are all of those cases and the concepts underlying discovery and early resolution of disputes a waste of this court's time? The answer is not only no, but is also that such exist as of right for people such as plaintiff.

Plaintiff agrees that this court has the power to issue stays as incidental to its power to control its docket.[7] However, once this court construes the clear language of the contract and not subject to any view of the intent of FINRA or NASD behind rules that are not a part of this case, the court should not even countenance a stay on the basis of the existence of an arbitration provision since such is contractually is not currently available to defendant.

---

7 *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

Nonetheless, the considerations of equity underlying this court's decision to grant a stay or not weigh heavily in favor of plaintiff under the four relevant factors described in defendants' memorandum.[8]

Under the first factor regarding hardship to plaintiff, Mr. Finn would be irreparably harmed because a stay would deprive him his right to this court's assistance in personally asserting his claims against defendants. If and when he is contractually forced to arbitrate, only then will this right contractually disappear. A stay will force him either join a class which he may not want to do or to arbitrate which he may not want to do and which under the contract in question he is not currently required to do. Meaningful discovery leading to settlement and even trial on the merits is possible under current conditions. If he may lose the benefit of this court at some currently unknowable time in the future, such does not lessen his rights in the present. Such benefit a benefit to plaintiff is not insubstantial or else the defendants would not be trying so hard to take it from him.

Under the second factor regarding hardship to defendants, the defendants are not deprived or harmed in any meaningful way. First, defendants are not deprived of their right to arbitrate because at the present time, they are contractually prohibited from arbitrating under the same contract they claim such right. Defendants' right to arbitrate is not present at this time. Defendants cannot be deprived of something they do not have. Second, defendants claim that being forced to litigate plaintiff's claims on an individual and class basis would prejudice them is weak at best. In forcing defendant to arbitration they would still incur separate actions. Indeed, via their letters to this court, they intend to try and force all of the class members to individual arbitrations. Such is opposite to

---

[8] *Russian Standard Vodka (USA), Inc. v. Alled Domecq Spirits & Wine USA, Inc.*, 523 F.Supp. 2d 376, 384 (S.D.N.Y. 2007);

simplifying litigation for defendants and contrary to their assertion here. In fact, since the court has chosen to coordinate the putative class actions under plaintiff's case, such presents the simplest way to conduct defendant's litigation. Therefore denying to issue a stay will actually benefit defendants.

Under the third factor regarding court resources, the court has already placed the class actions and this matter under the same judge for purposes of coordination. And again, the possibility that this matter may not proceed to a final conclusion presents no real hardship or waste to this court where substantive discovery and perhaps trial is ultimately possible under current conditions.

Under the fourth factor regarding the policy favoring arbitration agreements, there is no basis to consider the same where at the moment and for the unforeseeable future, the defendants do not have a right, contractual or otherwise, to arbitrate. At this point, only plaintiff does, and he should be free to choose not to exercise such right or else such is not really a right.

The request for stay of this matter until some future unknown time will essentially force the plaintiff to arbitrate if he wishes any hope of recovering the $400,000.00 he has lost at the hands of defendants unless he wishes to join the class and lose control over his litigation. Just as the plaintiff has the right to not join the class, by the plain language of the contract between him and defendants, his right to seek redress for his grievances here remains at this time. This court should not remove either of these essential rights. The defendants have demonstrated no contractual right to arbitration at this or any imminent time and therefore no equitable right to a stay.

For all of the foregoing, plaintiff respectfully requests that the court deny defendants' motion.

Dated:   March 20, 2008

_____
Ravi Ivan Sharma (RS2064)
404 Park Avenue South, 14th Floor
New York, NY 10016
(212) 686-3434 x212