UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN FINN,

                         Plaintiff,

         v.

SMITH BARNEY, CITIGROUP GLOBAL
MARKETS INC., CITIGROUP INC., BRIAN
WILLIAMS, and DOES 1 THROUGH 20, inclusive,

                         Defendants.

---

Case No. 08-cv-2975 (LTS) (KNF)

JUDGE LAURA T. SWAIN

---

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS SMITH BARNEY,
CITIGROUP GLOBAL MARKETS INC.,
CITIGROUP INC., AND BRIAN WILLIAMS'
MOTION TO STAY THE PROCEEDINGS**

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

Brad S. Karp
Susanna M. Buergel
1285 Avenue of the Americas
New York, New York  10019-6064
Tel.    (212) 373-3000
Fax    (212) 757-3980
bkarp@paulweiss.com
sbuergel@paulweiss.com

Charles E. Davidow
1615 L Street, N.W.
Washington, D.C. 20036-5694
Tel.    (202) 223-7300
Fax    (202) 223-7420
cdavidow@paulweiss.com

*Attorneys for Defendants Smith
Barney, Citigroup Global Markets
Inc., Citigroup Inc., and Brian
Williams*

Defendants Smith Barney, Citigroup Global Markets Inc., Citigroup Inc. and Brian Williams (collectively, "Defendants") respectfully submit this reply memorandum of law in further support of their motion to stay these proceedings until it is determined whether John Finn's ("Plaintiff's") claims will proceed as part of the related class actions before this Court.  The related class actions now include *LHB Insurance Brokerage Inc.* v. *Citigroup Inc., et al.*, 08-cv-3095 (LTS) ("*LHB*"), *Swanson* v. *Citigroup Inc., et al.*, 08-cv-3139 (LTS) ("*Swanson*"), *Stockhamer, et al.* v. *Citigroup Inc., et al.*, 08-cv-3904 (LTS) ("*Stockhamer*"), and *Wedgewood Tacoma LLC* v. *Citigroup Inc., et al.*, 08-cv-4360 (LTS) ("*Wedgewood*") (collectively, the "Citi ARS Class Actions").[1]

*     *     *     *     *

The parties are in agreement that, as a result of Plaintiff's status as a member of a putative class, he cannot be compelled to arbitration *at this time*.  (*See, e.g.*, Pl.'s Mem. in Opp'n at 3-4, 5.)  Both sides also acknowledge Plaintiff's right, under the terms of Plaintiff's brokerage agreement (the "Agreement"), to pursue claims against Defendants in court *as part of a class action*, rather than through arbitration.  (*See, e.g.*, *id.* at 4.)  However, also as Plaintiff appears to recognize, the mere pendency of the putative class actions does not negate altogether Defendants' right to compel Plaintiff to arbitration.  (*See id.* at 2.)  Rather, Defendants must simply wait until Plaintiff either

---

[1]     *Stockhamer* and *Wedgewood* were assigned to this Court as related to this action after Defendants' motion was filed on May 6, 2008.  In addition, on May 30, 2008, another putative class action was filed in the Southern District of New York:  *Ghalayini* v. *Citigroup Inc., et al.*, 08-cv-5016 ("*Ghalayini*").  On the civil cover sheet accompanying the complaint, the plaintiff has indicated that *Ghalayini* is related to *LHB*, one of the Citi ARS Class Actions pending before this Court.

elects to remain a member of the class, assuming it is certified, or opts out—at which time his individual claims must be dismissed in favor of arbitration.

Nonetheless, despite acknowledging Defendants' continuing right to compel him to pursue any *individual* claims in arbitration, Plaintiff asserts that because others have elected to file class action lawsuits based on similar facts and transactions as those at issue in his individual case, he should be allowed to pursue his individual claims immediately under the terms of the Agreement. (*See id.* at 4-6.) This argument defies all logic. While the Agreement clearly protects Plaintiff's ability to proceed as a member of a class, it does not protect his ability to pursue individual claims and avoid arbitration based on the happenstance that class actions have been filed. Under the Agreement, Plaintiff has two choices, and only two choices: participate as a member of the class or pursue his individual claims in arbitration.

Through this application, Defendants seek only to preserve their right to compel Plaintiff to arbitration if he elects to continue with his individual claims. Such a stay is in no way inconsistent with the plain language of the Agreement. Nor would a stay deprive Plaintiff of his rights under that Agreement. Rather, a stay would leave Plaintiff free either to pursue his claims now as a putative class member or, at any time, to move forward with his individual claims in arbitration, to which such claims have been committed under the Agreement.

For these reasons and all the reasons stated in Defendants' moving brief, we respectfully request that the Court grant a temporary stay of these proceedings pending a determination of whether Plaintiff's claims will proceed as part of the Citi ARS Class Actions.

1.     *The Agreement Permits Plaintiff to Proceed*
       *As a Member of a Class, but Not to Pursue*
       <u>*Individual Claims Before This Court*</u>

Despite Plaintiff's assertions to the contrary, Defendants do not seek to

"set aside" the Agreement, or to "disallow" or "hamper" Plaintiff's ability to pursue his

claims in this Court.  (*Id.* at 1, 5, 6.)  Defendants do, however, seek to enforce the

limitations imposed on Plaintiff in the event he elects to pursue remedies in court.   Those

limitations are contained in the Agreement, which Plaintiff concedes is binding.  (*See id.*

at 3.)

Specifically, the Agreement expressly provides that "[t]he parties are

waiving their right to seek remedies in court, including the right to jury trial."  (Davidow

Decl. Ex. A, ¶ 6.)  The Agreement makes only one exception to this hard and fast rule:  if

Plaintiff elects to participate in a class action, he is permitted to proceed in court.  To this

end, the Agreement states that "[n]o person shall  . . . seek to enforce any pre-dispute

arbitration agreement against any person  . . . who is a member of a putative class who

has not opted out of the class with respect to any claims encompassed by the putative

class action . . . ."  (*Id.*)  Pursuant to this provision, Plaintiff is permitted to pursue his

claims in this Court as a member of the putative Citi ARS Class Actions—and thereby

avoid having his claims compelled to arbitration.

However, as Plaintiff has conceded, Defendants are barred from

compelling him to arbitration only "[a]s long as the current condition satisfying the

language of the contract exists."  (Pl.'s Mem. in Opp'n at 6; *see also id.* at 3-4.)  In other

words, only so long as Plaintiff is a member of the putative (or certified, if that time

comes to pass) class are Defendants prohibited from compelling his claims to arbitration.[2]

Simply stated, Plaintiff is permitted access to a court forum only as a member of a class,

not as an individual litigant pursuing individual claims.

2.       *A Stay Is Consistent with the Plain*
         <u>*Language of the Agreement*</u>

         The stay sought by Defendants is consistent with the plain language of the

Agreement.  It is this language, and not any FINRA or NASD rules (contrary to

Plaintiff's assertions), that Defendants are seeking to enforce.

         Defendants agree that, as  "plainly stated in the contract," "they may not

enforce their right to arbitrate *at this time*."  (*Id.* at 5 (emphasis added); *see also id.* at 7.)

But, as Plaintiff also has acknowledged, Defendants "*will be entitled* . . . to enforce the

arbitration provision of the contract" "if a) the class action of which plaintiff is a member

fails to be certified, or is thereafter decertified, or b) he chooses to opt out of the

established class when required."  (*Id.* at 2 (emphasis added).)

         It necessarily follows that the bar to arbitration contained in the

Agreement is not indefinite and that, pursuant to the Agreement, the options available to

the parties will change as the related class action lawsuits proceed.  Should a class not be

certified, or should Plaintiff opt out of any certified class, the bar to arbitration will no

---

[2]      Plaintiff has indicated that a stay would be appropriate if and when he chooses to
remain a member of a *certified* class:  "Plaintiff also agrees that, if he chooses to
remain a member of an established class at some point, the claims of any then-
pending proceedings before this court that are covered by the class suit may be stayed
upon request of defendants."  (Pl.'s Mem. in Opp'n at 2.)  The language of the
Agreement, however, specifically refers to any person "who is a member of a *putative*
class who has not opted out of the class . . . ."  (Davidow Decl. Ex. A, ¶ 6 (emphasis
added).)  Therefore, Plaintiff's attempt to limit the appropriateness of a stay only to
the claims of individual plaintiffs who are members of a certified class is without
merit.

longer be in place and Defendants will be permitted to compel his individual claims to arbitration. At this time, however, whether the Court ultimately will decide to certify a class is unknown.

Therefore, consistent with the Agreement, Defendants are seeking a stay of these proceedings while Plaintiff is a member of the putative class and until it is determined whether Plaintiff will remain a member, if and when the class is certified. Defendants are not seeking improperly to "force" Plaintiff either to join a class or to arbitrate—those are simply the only options available to him under the Agreement that he signed. He freely may choose either option at any time, but he cannot choose from off the menu. By opposing this motion, it is Plaintiff who seeks to deprive Defendants of their contractual right to compel his claims to arbitration—a right that continues to exist even if it cannot be exercised at this time.

Finally, Plaintiff appears to complain that Defendants improperly are seeking to enforce FINRA or NASD rules through this application. Plaintiff is incorrect. As described in detail above, Defendants seek only to enforce the plain language of the Agreement. Defendants are not relying on the FINRA or NASD rules as the basis for determining whether Plaintiff may pursue his individual claims in this Court.

In fact, contrary to Plaintiff's assertion, *all* of the cases to which Defendants cite in their moving papers involved contracts with arbitration clauses apparently identical to the one at issue here.[3] In citing these cases, which discuss the

---

[3]    *See Ingstad v. Grant Thornton, LLP*, No. 3:05-cv-98, 2006 WL 3751204, at *2 (D.N.D. Dec. 19, 2006); *Olson* v. *Jenkens & Gilchrist*, 461 F. Supp. 2d 710, 729 (N.D. Ill. 2006); *MLDX Invs., LLC* v. *Parse*, No. 2:06-CV-00121 PGC, 2006 WL 1579597, at *2 (D. Utah June 1, 2006); *Wilson, et al.* v. *Deutsche Bank AG, et al.*, No. 1:05-cv-03474, at 3 (N.D. Ill. Mar. 20, 2006); *Crunk, et al.* v. *BDO Seidman,*

FINRA and/or NASD rules on which the arbitration clauses at issue were based, Defendants were not seeking to have those rules enforced over the language of the Agreement itself.  Defendants instead were merely illustrating to the Court that, under similar circumstances involving parties to agreements with identical arbitration clauses, courts overwhelmingly have concluded that imposing a stay is the proper course. Plaintiff has offered the Court no reason to veer from this well-established course in this matter.

3.      *A Stay Will Maximize Efficiencies*
         *for the Court and the Parties*

In their moving brief, Defendants asserted that because this case ultimately cannot proceed as an individual action, it would be a waste of the Court's resources to preside over the proceedings on an interim basis, and wasteful and prejudicial to the Defendants to force them to litigate the same claims on both an individual and class basis.  Plaintiff, however, contends that any resulting partial litigation would not unnecessarily squander judicial resources or create an additional burden for the Defendants, apparently because the cases are coordinated and Defendants will be required to proceed with discovery in the class actions in any event.

Plaintiff is mistaken.  First, and most importantly, any efforts undertaken by the Court to preside over this matter as an individual action by definition will be wasted:  either Plaintiff ultimately will elect to stay in the class, if it is certified, or

---

*L.L.P., et al.*, No. 2:04-cv-02573-JPM-tmp, at 3 n.3 (W.D. Tenn. May 24, 2005); *Hansen* v. *KPMG, LLP*, No. CV 04-10525-GLT (MANx), 2005 WL 6051705, at *3 (C.D. Cal. Mar. 29, 2005); *Plyler* v. *BDO Seidman, L.L.P.*, No. 04 2146 B/AN, 2004 WL 5039849, at *1 (W.D. Tenn. Dec. 29, 2004); *see also Hudson* v. *Deutsche Bank AG*, No. 05 C 6783, 2007 WL 1018137, at *2 (N.D. Ill. Mar. 30, 2007).  The *Wilson* and *Crunk* opinions are attached as Exhibits I and J, respectively, to the Davidow Declaration.

Plaintiff will find himself in arbitration.  Either way, any efforts expended on his individual claims will serve no purpose in the ultimate resolution of Plaintiff's claims.

Moreover, if Plaintiff is permitted to proceed with his individual action now, Defendants will be required to respond to the complaint and, depending on the response, begin the discovery process—even though the Court has not yet appointed a Lead Plaintiff or Lead Counsel in the class actions.[4]  In this situation, Plaintiff's efforts to litigate with Defendants cannot be coordinated with the activities in the class actions, subjecting Defendants to unnecessary expense and burden by having to litigate identical claims before this Court on separate tracks.

Finally, as Defendants explained in their moving brief, once taken away, their right to arbitration cannot be restored.  Arbitration imposes different burdens than litigation—this is, in part, why Defendants insisted that Plaintiff sign the Agreement in the first instance.  If Defendants are required to expend resources litigating Plaintiff's individual claims in court, only then to find themselves in arbitration, they will be exposed to unnecessary and unfair expenses that they specifically negotiated the right to avoid.  For all these reasons, Defendants reiterate their assertion that a balancing of the applicable factors weighs in favor of this Court exercising its discretion to impose a stay. (*See* Defs.' Mem. in Supp. at 11-12.)

*    *    *    *    *

For all these reasons and those set forth in Defendants' moving papers, Defendants respectfully request that this Court stay these proceedings until class

---

[4]    Motions for Lead Plaintiff and Lead Counsel in the Citi ARS Class Actions were filed on May 27, 2008.  *See LHB* [Docs. 7-18]; *Swanson* [Docs. 9-11]; *Stockhamer* [Docs. 5-7]; *Wedgewood* [Docs. 5-7].

certification is denied, the class is decertified, or Plaintiff elects to be excluded from any

putative or certified plaintiff class in the Citi ARS Class Actions.

Dated: June 2, 2008
New York, New York

                                        Respectfully submitted,

                                        PAUL, WEISS, RIFKIND, WHARTON &
                                        GARRISON LLP


                                        By:_____/s/_Brad S. Karp_____

                                        Brad S. Karp
                                        Susanna M. Buergel
                                        1285 Avenue of the Americas
                                        New York, New York  10019-6064
                                        Tel.    (212) 373-3000
                                        Fax     (212) 757-3980
                                        bkarp@paulweiss.com
                                        sbuergel@paulweiss.com

                                        Charles E. Davidow
                                        1615 L Street, N.W.
                                        Washington, D.C. 20036-5694
                                        Tel.    (202) 223-7300
                                        Fax     (202) 223-7420
                                        cdavidow@paulweiss.com

                                        *Attorneys for Defendants Smith Barney, Citigroup*
                                        *Global Markets Inc., Citigroup Inc., and Brian*
                                        *Williams*